**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**                                  NOT FOR PUBLICATION

------------------------------------------------------------x
In re:                                                    :
                                                          :  Case No. 22-22549 (JLG)
Endo International plc, et al.,                           :  Chapter 11
                                                          :
                              Debtors.[1]                 :  (Jointly Administered)
------------------------------------------------------------x
Tad Taylor,                                               :
                                                          :
                              Plaintiff,                  :  Adv. P. No. 24-07037 (JLG)
                                                          :
v.                                                        :
                                                          :
Edgar C. Gentle, Esq.,                                    :
*Trustee and Claims Administrator Endo Opioid*            :
*Personal Injury Trust and Endo NAS Personal*             :
*Injury Trust,* and Kroll Restructuring                   :
Administration LLC,                                       :
                                                          :
                              Defendants.                 :
------------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER SUA SPONTE**
**DISMISSING THE CASE WITHOUT PREJUDICE FOR FAILURE TO SERVE**

**APPEARANCES:**

Tad Taylor
*Appearing Pro Se*
Federal Correctional Institution
P.O. Box 9000
ID: 26966-078
Seagoville, TX 75159

---

[1] The last four digits of Endo International plc's tax identification number are 3755. Due to the large number of debtors in these Chapter 11 Cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring rakroll.com/Endo. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 1400 Atwater Drive, Malvern, PA 19355.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[2]

In this adversary proceeding, Tad Taylor ("Plaintiff"), acting pro se, seeks $4.4 million in compensatory and punitive damages caused by the alleged fraud of Kroll Restructuring Administration, LLC ("Kroll"), the Debtors' claims agent, and Edgar C. Gentle, III ("Mr. Gentle"), the Trustee and Claims Administrator for the Endo Opioid Personal Injury Trust and Endo NAS Person Injury Trust (together, the "Defendants," each a "Defendant"). Plaintiff says that they defrauded him by allegedly excluding him from participating in an alleged bankruptcy claims settlement with Endo Pharmaceuticals, Inc. ("Endo Pharmaceuticals"), a debtor herein.

On October 23, 2024, Plaintiff commenced this adversary proceeding by filing his complaint (the "Complaint")[3] in the United States District Court for the Southern District of New York (the "District Court"). Thereafter, the District Court referred the adversary proceeding to this Court. The Clerk of the Bankruptcy Court (the "Clerk") has not issued a summons for the Complaint, and Plaintiff has not paid the filing fee. Plaintiff purports to have mailed a copy of the Complaint (without a summons) to each Defendant.

The matter before the Court is its Show Cause Order[4] directing Plaintiff to demonstrate why the Court should not dismiss the adversary proceeding pursuant to Rule 41(b) of the Federal

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the confirmed *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors*, Endo ECF No. 3849 (the "Plan") or the *Findings of Fact, Conclusions of Law, and Order (i) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International PLC and its Affiliated Debtors and (II) Approving the Disclosure Statement with Respect Thereto*, Endo ECF No. 3960 (the "Confirmation Order"). References to "ECF No. __" are to documents filed on the electronic docket of Case No. 22-22549. References to "AP ECF No. __" are to documents filed on the electronic docket of this Adversary Proceeding No. 24-07037.

[3] *Complaint*, AP ECF No. 1.

[4] *Order to Show Cause Why the Court Should Not Dismiss Case for Failure to Prosecute*, AP ECF No. 5 (the "Show Cause Order").

Rules of Civil Procedure (the "Rules"),[5] for failure to prosecute the action. Plaintiff did not respond to the Show Cause Order. The Court conducted a hearing on the order. Plaintiff appeared telephonically and was heard at the hearing.

For the reasons set forth herein, the Court finds that Rule 4(m),[6] not Rule 41(b), provides the appropriate standard for addressing Plaintiff's failure to prosecute this adversary proceeding. In applying Rule 4(m) to this matter, the Court dismisses the Complaint without prejudice. If Plaintiff elects to refile the Complaint, he must file it in this Court, cause the Clerk to issue a summons, and timely serve the summons and Complaint on each Defendant in accordance with the rules governing service of process in adversary proceedings. Plaintiff must also pay the filing fee, or arrange for a waiver of the fee.

## **JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In addition, pursuant to the Confirmation Order and Plan, this Court has retained jurisdiction over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan, including, among other things, to (a) enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan, the Confirmation Order, and any agreements and documents in connection with or contemplated by the Plan, the Confirmation Order, the

---

[5] Rule 41(b) is applicable in this adversary proceeding pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

[6] Rule 4(m) is made applicable to this adversary proceeding pursuant to Bankruptcy Rule 7004(a)(1).

3

Purchase and Sale Agreement, and the Disclosure Statement; and (b) enter a final decree closing each of the Chapter 11 Cases. *See* Plan § 13.1.

## BACKGROUND

On August 16, 2022, Endo International plc and seventy-five of its affiliated Debtors each commenced Chapter 11 Cases by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On May 25, 2023, and May 31, 2023, certain additional Debtors also commenced Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered.

On March 22, 2024, the Court entered the Confirmation Order confirming the Plan, and on April 23, 2024, the Plan became effective.[7] The Plan calls for the appointment of Mr. Gentle as the Personal Injury Trustee, the NAS Personal Injury Trustee, and the Future Personal Injury Trustee. *See* Plan, §§ 1.1.196, 1.1.331, 1.1.385. Kroll is the Debtor's claims agent.[8]

On October 23, 2024, the Plaintiff, acting pro se, purported to commence this action by filing the Complaint in the District Court. The Plaintiff identifies Kroll as the "appointed claims and noticing agent" for the Chapter 11 Cases, and Mr. Gentle as being "in charge of the Endo Opioid Personal Injury Trust and Endo NAS Personal Injury Trust." Complaint at 1, 7. Plaintiff asserts that pre-petition, he commenced a lawsuit against Endo Pharmaceuticals[9] seeking $88 million in compensatory and punitive damages. *Id.* at 2, 4. Plaintiff asserts that after Endo Pharmaceuticals went into bankruptcy, he was advised he was on a list of parties to share in a

---

[7] *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) the Administrative Expense Claims Bar Date*, ECF No. 4212.

[8] *See Order (I) Appointing Kroll Restructuring Administration LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date; and (II) Granting Related Relief*, ECF No. 190.

[9] *Taylor v. Endo Pharmaceuticals*, No. 21-cv-4276.

4

litigation settlement with Endo Pharmaceuticals. *Id.* at 1. He contends that although he properly filled all requested claims, upon questioning he was told he was not on the bankruptcy payment list. *Id.* at 2. He says that Kroll and Mr. Gentle defrauded and cheated him out of his rightful compensation under the settlement. *Id.* In this adversary proceeding, Plaintiff seeks $4.4 million in compensatory and punitive damages from Kroll and Mr. Gentle, occasioned by their alleged fraud. *Id.* at 4.

By order dated November 8, 2024, the District Court referred this action to this Court.[10] On November 15, 2024, the Complaint was filed herein. The Court initially scheduled a pre-trial conference in this proceeding for January 16, 2025.[11] The Court adjourned the pre-trial conference and rescheduled the conference for March 20, 2025.[12] Plaintiff did not appear at the conference. Kroll and Mr. Gentle appeared, through counsel. Both Defendants advised that they had not been served with either a summons or the Complaint. 3/20 Hr'g Tr. 5:20-21, 6:20-24.[13] During the conference, Kroll's counsel reported that in January 2025, he wrote to Plaintiff. *Id.* at 6:2-12. He says in the letter he explained Kroll's position that there is no merit to Plaintiff's claims against Kroll, that Kroll has not been served with process, and requested that Plaintiff dismiss Kroll from the Complaint. *Id.* Counsel advised that Plaintiff responded to the letter, but did not dismiss Kroll from the Complaint. *See id.*

On March 21, 2025, the Court issued the Show Cause Order. It directs Plaintiff to "show cause as to why the Court should not dismiss this adversary proceeding for Plaintiff's failure to

---

[10] *See* Order, AP ECF No. 1-2.

[11] *Notice Of Pre-Trial Conference for a Removed Matter*, AP ECF No. 2.

[12] *Notice Of Pre-Trial Conference for a Removed Matter*, AP ECF No. 4.

[13] *Transcript of March 20, 2025 Pre-Trial Conference*, AP ECF No. 7 ("3/20 Hr'g Tr.").

5

prosecute." Show Cause Order at 2. It also directs Plaintiff to serve and file any written reply to the order on or before April 9, 2025. *Id.* Plaintiff did not respond to the Show Cause Order. On April 16, 2025, the Court held a hearing on the Show Cause Order. Plaintiff appeared telephonically at the hearing.

## **LEGAL STANDARD**

Rule 41(b) states, as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The "'primary rationale' for dismissal pursuant to Rule 41(b) is 'the failure of plaintiff in his duty to process his case diligently.'" *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 113 (S.D.N.Y. 2022) (quoting *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir. 1982)); *see also Goldner v. Ralph Edwards/Stu Billet Prods.*, No. 20 CIV. 2764, 2021 WL 2292683, at *1 (S.D.N.Y. June 4, 2021) ("Dismissal [under Rule 41(b)] is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." (citing *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990))). The decision whether to dismiss a complaint for want of prosecution lies within the Court's discretion. *See, e.g., Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993).

Plaintiff's failure to serve a summons and the Complaint on the Defendants precipitated the Court's issuance of the Show Cause Order. Rule 4(c)[14] governs service of a summons and complaint. Rule 4(c)(1) states:

---

[14] Rule 4(c) is applicable in this adversary proceeding pursuant to Bankruptcy Rule 7004(a)(1).

6

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c)(1). Rule 4(m) mandates that a summons and complaint be served within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). Further, it provides that if service is not completed within the ninety days:

> the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

Plaintiff is in breach of Rule 4(m), as he has not served a summons and complaint on either Defendant, and the ninety-day window in which to effect such service is closed. In addressing the Show Cause Order, the Court will apply standards applicable to Rule 4(m), not Rule 41(b) "because Rule 4(m) specifically addresses failure to effect proper service within a time limit, while Rule 41(b) is a more general catchall provision." *Barnwell v. Bank of New York,* 2018 WL 5634316, at *1 (D. S.C. Jan. 25, 2018) (citing *RadLax Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) (holding the "general/specific canon" applies where "a general authorization and a more limited, specific authorization exist side-by-side")).

## **ANALYSIS**

Under Rule 4(m), "[t]he plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" *Eastern Refractories Co., Inc. v. Forty Eight*

7

*Insulations, Inc.,* 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting *Nat'l Union Fire Ins. Co. v. Sun,* No. 93 Civ. 7170, 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)). Accordingly, "[a] party seeking a good cause extension bears a heavy burden of proof." *Alvarado v. American Freightways, Inc.,* No. 04 Civ. 9536, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005) (citing *Geller v. Newell,* 602 F. Supp. 501, 502 (S.D.N.Y. 1984)). "[A] plaintiff's pro se status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m) . . . ." *Harper v. NYC Admin. for Children's Services*, No. 09 Civ. 2468, 2010 WL 23328, at * 2 (S.D.N.Y. 2010).

At the hearing, Plaintiff advised that he mailed a copy of the Complaint, without a summons, by first-class mail, to each Defendant. He advised that he is unaware of the standards applicable under the Bankruptcy Rules for effecting service of process, and the requirement that he serve a summons with the Complaint. However, "[i]gnorance of the law, even in the context of *pro se* litigants, does not constitute 'good cause' under Rule 4(m)." *Obot v. Citibank South Dakota*, N.A., No. 04–CV–784A, 2006 WL 6905256 at *3 (W.D.N.Y. Oct. 17, 2006) (citing *Novak v. National Broadcasting Co. Inc.,* 131 F.R.D. 44, 45 (S.D.N.Y. 1990)). Plaintiff has not demonstrated "good cause" for his failure to comply with Rule 4(m).

8

**CONCLUSION**

Based on the foregoing, the Court dismisses the adversary proceeding, without prejudice. If Plaintiff elects to refile the Complaint, he must file it in this Court, cause the Clerk to issue a summons, and timely serve the summons and Complaint on the Defendants in accordance with the rules governing service of process in adversary proceedings. Plaintiff must also pay the filing fee, or arrange for a waiver of the fee.

IT IS SO ORDERED.

Dated: April 17, 2025
       New York, New York

                                                                       /s/ *James L. Garrity, Jr.*
                                                               Honorable James L. Garrity, Jr.
                                                               United States Bankruptcy Judge